**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

VERONICA BRAYMAN                                    CASE NO.: 20-1524

    Plaintiff,
vs.

CAPITAL ONE BANK (USA) N.A.            **JURY TRIAL DEMANDED**

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, VERONICA BRAYMAN (hereafter "Plaintiff"), by and through undersigned counsel, sues Defendant, CAPITAL ONE BANK (USA) N.A., (hereafter "Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA"), and Florida Consumer Collection Practices Act, FL ST § 559.72 (FCCPA) and alleges the following:

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. This is a case about Defendant's use of illegal "robo-calls" to harass Plaintiff and attempt to improperly and illegally collect on a debt.

4. In enacting the TCPA, Congress found that banning robo-calls was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Barr v. Am. Ass'n of Political Consultants, Inc*, 140 S. Ct. 2335, 2344 (2020).

1

5. As will be demonstrated at the final hearing, Defendant is a serial violator of the law who uses robo-calls to harass and intimidate consumers.

6. Defendant called Plaintiff several times per day, multiple days in a row, in an effort to bully Plaintiff into making a past-due payment on her account.

## JURISDICTION AND VENUE

7. This is an action for actual damages, statutory damages, injunctive relief, costs and attorney's fees pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and Florida Consumer Collection Practices Act, FL ST § 559.72 (FCCPA).

8. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

9. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012)

10. The current principal place of business of Defendant is in Mclean, Virginia in Fairfax County. Accordingly, venue is appropriate with the Court under 28 U.S.C. § 1391(b)(1) as it is the judicial district in which Defendant resides.

11. Plaintiff entered into an agreement with Defendant for Capital One Platinum MasterCard Credit Account, Account No. ending in – 6240 (the "Contract") which requires any controversy or dispute between Plaintiff and Defendant to be governed by Virginia law. A copy of what is believed to be the Cardmember Agreement is annexed hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person, citizen of the state of Florida, and at all relevant times resided in Palm Beach County, Florida.

13. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

14. Defendant is a national association which was formed in Virginia with its principal place of business located at 1608 Capital One Drive, Mclean, Virginia 22102.

15. Plaintiff entered into an agreement with Defendant for Capital One Platinum MasterCard Credit Account, Account No. ending in – 6240.

16. Defendant called Plaintiff approximately fifty (50) times in an attempt to collect an alleged debt. Due to the amount of calls Plaintiff received from Defendant, Plaintiff was unable to properly catalogue each and every call and thus a certain number of calls will be identified after a thorough review of Defendant's records and Plaintiff's cellular telephone records.

17. Some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received, she heard a pause when she answered her phone before a voice came on the line and she received prerecorded messages from Defendant.

18. Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (917) *** - 1675 and was the called party and recipient of Defendant's calls.

20. Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone number (917) *** - 1675 in an attempt to collect on an alleged debt.

21. In February 2020, Plaintiff instructed Defendant's agent(s) to stop calling her cellular telephone.

22. During the aforementioned call with Defendant's agent/representative in or about February of 2020, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

23. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was made without the "express consent" of the Plaintiff.

24. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

25. Plaintiff's request for the harassment to end was ignored.

26. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as they did to Plaintiff's cellular telephone in this case.

27. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

28. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

29. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

30. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

31. Defendant has had numerous complaints against them from consumers across the country asking to not be called, however Defendant continues to call these individuals.

32. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

33. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

34. Not one of Defendant's telephone calls placed to Plaintiff was for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

35. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

36. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

37. From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular telephone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

38. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

39. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

40. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

41. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone where a voice message was left occupied space in Plaintiff's phone or network.

42. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

43. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, embarrassment and aggravation.

44. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in Palm Beach County, Florida by the Defendant's placing of telephone calls to Plaintiff's cellular telephone.

45. Defendant, at all material times, was attempting to collect a debt relating to a Capital One Platinum MasterCard Credit Account, Account No. ending in – 6240.

46. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

47. Plaintiff incorporates by reference, and as if fully restated herein, the allegations in Paragraphs 1 through 46.

48. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

49. Defendant used an automatic telephone dialing system, or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii), to make telephone calls to Plaintiff's cellular telephone.

50. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

51. Defendant knowingly and willfully violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone after Plaintiff revoked her consent to be contacted and notified Defendant that she wished for the calls to stop.

52. Despite Plaintiff demanding that the calls stop, Defendant continued its pattern of harassment and abuse, and made it clear to Plaintiff that Defendant would call from its ATDS as often as it liked until the subject debt was paid.

53. Defendant's acts and actions are willful and knowing violations of the law. As a result, Plaintiff should be awarded treble damages of $1,500 per violation for the harassment and abuse Defendant put her through.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation, punitive damages, actual damages, treble damages of $1,500 per call, injunctive relief, costs, attorney's fees, and/or any other such relief the arbitrator may deem just and proper. Plaintiff anticipates damages to be in the amount of up to $75,000.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

54. Plaintiff incorporates by reference, and as if fully restated herein, the allegations in Paragraphs 1 through 46.

55. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

56. Plaintiff is a "consumer" pursuant to Florida Statute §559.55(8).

57. The subject action relates to a "consumer debt" as defined by §559.55(6).

58. Defendant is a "debt collector" pursuant to Florida Statute §559.55(7).

59. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

60. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

61. Despite Defendant's knowledge of Plaintiff's requests not to be contacted via cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

62. The continued contact by Defendant was abusive and harassing to Plaintiff.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, for any actual damages sustained by Plaintiff as a result of the above allegations; statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00; and any specific or injunctive relief necessary to make Plaintiff s whole. In the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), Plaintiff would seek costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and any other relief the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| **HYATT BROWNING SHIRKEY LAW FIRM, PLC** | **KASS SHULER, P.A.** |
| 3048 Brambleton Ave S.W. | 1505 N. Florida Ave. |
| Roanoke, VA 24015 | Tampa, FL 33602 |
| Tel: 540-613-8431 | Tel: 813-229-0900 |
| Email: hyatt@hbsesqfirm.com | Email: mschwartz@kasslaw.com |
| | |
| By: /s/ Hyatt Browning Shirkey | By: /s/ Matthew L. Schwartz |
| Hyatt Browning Shirkey | Matthew L. Schwartz |
| Virginia Bar No. 80926 | Fla. Bar. No. 15713 |
| | *PRO HAC VICE PENDING* |